UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALPHONSO SYVILLE,

                                  Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                                  Defendants.

**ORDER OF SERVICE**

20-CV-4633 (PGG)

PAUL G. GARDEPHE, United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the Health Insurance Portability and Accountability Act, claiming that Defendants at the Help Meyers Men's Shelter on Wards Island discriminated and retaliated against him by denying him services and refusing to transfer him to a single-room hotel during the COVID-19 emergency. By order dated August 10, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

## DISCUSSION

**A.    Operative Complaint**

On July 16, 2020, the Court received from Plaintiff a submission, which was docketed as an amended complaint (ECF No.3). As it is clear that Plaintiff intended to make additional claims rather than to replace his original complaint, the Clerk of Court is directed to relabel the July 16, 2020 submission as a supplemental pleading. The supplemental and original pleadings (ECF Nos. 2 and 3) will be treated together as the operative complaint for this action.

**B.    Order of Service**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

       To allow Plaintiff to effect service on Defendants the City of New York, Ms. Johnson, Director of Help Meyers Men's Shelter; Ms. Robinson, Supervisor at Help Meyers Men's Shelter; A. Brown, Case Manager Supervisor at Help Meyers Men's Shelter; and Paul Hargrow, an employee of New York City Department of Homeless Services, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**C.     *Valentin* Order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit Help Meyers Men's Shelter to identify Pernal, the food server, and "Psych Lady/Smila Kodali," who is employed at the clinic inside Help Meyers Men's Shelter. It is therefore ordered that counsel for HELP USA – the operator of the Help Meyers Men's Shelter – must ascertain the identities of these defendants and the addresses where these defendants may be served. HELP USA's counsel must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming these defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for these defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package. An "Amended Complaint" form is attached to this order.

The Clerk of Court is also directed to relabel the July 16, 2020 submission as a supplemental pleading. The Court consolidates the supplemental and original pleadings (ECF Nos. 2 and 3) and will treat them together as the operative complaint.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for the City of New York, Johnson, Robinson, Brown, and Hargrow and issue summonses and deliver all documents necessary to effect service on the defendants to the U.S. Marshals Service. Varick Street, New York, NY 10014.

The Clerk of Court is directed to mail a copy of this order and the complaint to HELP USA at: 115 E. 13th Street, New York, NY 10003.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: New York, New York
       August 17, 2020

SO ORDERED.

*Paul G. Gardephe* (signature)

Paul G. Gardephe
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. City of New York
   100 Church Street
   New York, NY 10007

2. Ms. Johnson, Director
   Help Myers Men's Shelter
   600 E. 125 Street
   New York, NY 10035

3. Ms. Robinson, Supervisor
   Help Myers Men's Shelter
   600 E. 125 Street
   New York, NY 10035

4. A. Brown, Case Manager Supervisor
   Help Myers Men's Shelter
   600 E. 125 Street
   New York, NY 10035

5. Paul Hargrow
   Department of Homeless Services
   33 Beaver Street, 17th Floor
   New York, NY 10004