UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

ALPHONSO SYVILLE,

                                                                       Plaintiff,

                        20 cv 4633 (PGG)(JLC)

        -against-

CITY OF NEW YORK, *et al.*,

                                                                   Defendants.

------------------------------------------------------------------- x

## CITY OF NEW YORK'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT.

      Defendant City of New York (the "City") submits this memorandum of law in support of its motion to dismiss the complaint (the "Complaint"). As set forth more fully below, plaintiff's claims in this action are barred because he signed a settlement agreement in a different case that provided for the release of, among other things, the claims asserted in this action.

## FACTS

      On or about October 28, 2019, plaintiff filed an action in this Court alleging that the City and others violated his civil rights relating to the provision of shelter services to him. See *Syville v. City of New York*, 19-cv-9988 (VEC) (DCF) ("*Syville 2019*"). On June 17, 2020, plaintiff and the City settled that matter through a stipulation of settlement (the "Stipulation"). The Stipulation provided that in exchange for a monetary payment, plaintiff agreed to the "dismissal of all the claims against the defendant and to release defendant City of New York; its successors or assigns; and all past and present officials, employees, representatives, and agents of

the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff s civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees, with the exception of the claims relating to *Alphonso Syville v. City of New York, et al.*, 20-CV-571 (LTS) (SDA), which is pending in the Southern District of New York." *See Syville 2019*, Dkt. No. 32.

The day prior, that is, on June 16, 2020, plaintiff commenced the instant proceeding by filing a complaint asserting claims against the City and others relating to the City's alleged failure to take adequate precautions to keep him safe while providing him shelter services during the COVID-19 pandemic on and/or before the date of filing. *See* Complaint, (Dkt. No. 2). The Order granting plaintiff IFP status in the instant case was not issued until August 2020, nearly two months after *Syville 2019* was settled. *See* Order Granting IFP Application (Dkt. No. 4). It wasn't until the Order Granting IFP Application was signed that a summons was issued and ultimately served, with the amended complaint, on defendants. (Dkt. No. 4.) Thus, the City – though not plaintiff – was unaware of the existence of this proceeding at the time *Syville 2019* was settled.

## ARGUMENT

Plaintiff's settlement agreement with the City of New York to resolve *Syville 2019* bars his claims in the instant action. "It is well established that settlement agreements are contracts and must therefore be construed according to general principles of contract law." *Collins v. Harris-Bode*, 303 F.3d 429, 433 (2d Cir. 2002) (internal quotations omitted). This rule applies even in cases involving *pro se* plaintiffs. *Duran v. J.C. Refinishing Contracting Corp.*, 421 F. App'x 20, 21 (2d Cir. 2011) (summary order). Moreover, the Second Circuit has noted

that strong policy considerations require enforcing a general release. *Ruskay v. Waddell*, 552 F.2d 392, 398 (2d Cir. 1977). Thus, the General Release signed by plaintiff, which is unambiguous, should be enforced.

"The threshold question in a dispute over the meaning of a contract is whether the contract terms are ambiguous." *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 59, 66 (2d Cir. 2000). "The meaning of an unambiguous contract 'is a question of law for the court to decide.'" *K. Bell & Assocs. v. Lloyd's Underwriters*, 97 F.3d 632, 637 (2d Cir. 1996). A court should not look beyond the "four corners" of the agreement where the language of the contract is clear and unambiguous. *R/S Assocs. v. New York Job Dev. Auth.*, 98 N.Y.2d 29, 32-33 (2002). "Under New York law, a release that is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 463 (2d Cir. 1998).

When the language of a release is clear, "effect must be given to the intent of the parties as indicated by the language employed." *Tromp v. City of New York, et al.*, 465 Fed. Appx. 50, 51 (2d Cir. 2012) (citing *Wang v. Paterson*, No. 07-2032, 2008 U.S. Dist. LEXIS 103495, 2008 WL 5272736, at *4 (S.D.N.Y. Dec. 18, 2008) (quoting *Shklovskiy v. Kahn*, 709 N.Y.S.2d 208, 209 (2d Dep't 2000)); *see also McReynolds v. Richards-Cantave*, 588 F.3d 790, 803 (2d Cir. 2009). Moreover, "[w]ords of general release are clearly operative not only to all controversies and causes of actions between the releasor and releases . . . but to all such issues which might have been adjudicated as a result of pre-existent controversies." *Id*. at 52 (quoting *A.A. Truck Renting Corp. v. Navistar, Inc.*, 81 A.D.3d 674, 675 (2d Dep't 2011)); *see also Fay v. Peterson Pub. Co.*, 1990 U.S. Dist. LEXIS 5917, at * 6-7 (S.D.N.Y. May 17, 1990) ("Although at the time of signing plaintiff may have had no inkling that he would bring an age

discrimination claim in the future, he should have understood from the language of the agreement that he was giving up 'any known or unknown claims' against the company related to his termination.").

A "general release is a release that covers 'all claims and demands due at the time of its execution.'" *See Shub v. Westchester Cmty. College*, 556 F.Supp.2d 227, 242 (S.D.N.Y. 2008) (citing *Kaul v. Hanover Direct, Inc.*, 296 F.Supp.2d 506, 517 (S.D.N.Y. 2004)). The General Release that plaintiff signed on June 17, 2020, in connection with his settlement agreement with the City clearly falls within this ambit. Accordingly, because the "words of [this] release are of general effect the release is to be construed most strongly against the releasor . . . and the burden rests upon the releasor to establish that general language of the release was not meant to be general." *See Continental Cas. Co. v. Tillotson*, 1984 U.S. Dist. LEXIS 24576, at *8-9 (S.D.N.Y. Aug. 3, 1984) (emphasis added) (citing *Mt. Read Terminal, Inc. v. LeChase Construction Corp.*, 58 A.D.2d 1034, 1035 (4th Dep't 1977).

Here, the Stipulation of Settlement and General Release that plaintiff signed in connection with *Syville 2019* are unambiguously broad both with regard to the entities covered and claims released. (*See* General Release, annexed to the Declaration of Stephen Kitzinger in Support of Defendants' Motion to Dismiss, dated November 1, 2021, as Exhibit "A") (the "General Release"). The General Release may be considered by the Court on a motion to dismiss as it was in *Levine v. Bd. of Educ.*, 97-9035, 1998 U.S. App. LEXIS 13174, at *4 (2d Cir. May 21, 1998) (table decision) but, even if not, the Stipulation of Settlement filed in *Syville 2019* is sufficient to bar plaintiff's claims. *Byrd v. City of New York*, 2005 U.S. App. LEXIS 10820, *3-4 (2nd Cir. 2005) ("Nonetheless, it is plain that the District Court would have been permitted to consider at least the Stipulation of Settlement as part of Rule 12(c) motion to

dismiss."). The General Release was consistent with the agreement to release contained in the Stipulation of Settlement filed in *Syville 2019* and entered on the docket in that case as Document 32 (the "Stipulation of Settlement"). Plaintiff, by both the Stipulation of Settlement and the General Release released the following parties: "City of New York; its successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel (the "Releasees")." *See* Stipulation of Settlement, General Release. The abovementioned parties were released from the following: "any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees, with the exception of the claims relating to Alphonso Syville v. City of New York, et al., 20-CV-571 (LTS) (SDA), which is pending in the Southern District of New York." *Id*.

Plaintiff signed the General Release on June 17, 2020, releasing the Releasees from any claims through that date and, in exchange, received payment of $10,000 as consideration. *See* Stipulation of Settlement. Since the incidents underlying the Complaint in this action all necessarily occurred prior to June 17, 2020 – the Complaint was filed on June 16, 2020 – that is, before plaintiff signed the General Release, his claims here are barred. The Second Circuit has "articulated a strong policy in favor of enforcing settlement agreements and releases" such as the one at issue here. *See Levine v. Bd. of Educ.*, 97-9035, 1998 U.S. App. LEXIS 13174, at *4 (2d Cir. May 21, 1998) (table decision). Giving effect to the intentions of the parties and the clear language used in the Stipulation of Settlement and the General Release, plaintiff released the present claims when he signed the Stipulation of Settlement and General Release and received payment of $10,000. As such, defendants respectfully contend that this

action is barred by the terms of the General Release. *See Pampillonia*, 138 F.3d at 463 ("Under New York law, a release that is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced.").

While it is clear that plaintiff must have been aware of the claims being asserted in this action when he signed the release as it was filed a mere day prior to his executing the Stipulation of Settlement and General Release, and plaintiff was certainly aware of the need to and the mechanism by which to exclude claims from an otherwise general release, defendants were not aware – and had no way of being aware – of the existence of this action when *Syville 2019* was settled. Accordingly, plaintiff's claims in this action are barred and should be dismissed in their entirety with prejudice.

## CONCLUSION

For the reasons set forth herein, the complaint should be dismissed as the claims are barred by the release filed in Syville 2019.

Dated:   New York, New York
         October 29, 2021

                                    **GEORGIA M. PESTANA**
                                    Corporation Counsel of the
                                      City of New York
                                    Attorney for Defendants
                                    100 Church Street, Room 2-126
                                    New York, New York  10007
                                    (212) 356-2087
                                    e-mail: SKitzing@law.nyc.gov


                            By:     s/Stephen Kitzinger
                                    Stephen Kitzinger
                                    Assistant Corporation Counsel

## APPENDIX OF CITED UNREPORTED CASES*

*Fay v. Peterson Pub. Co.*, 1990 U.S. Dist. LEXIS 5917 (S.D.N.Y. 1990)

*Continental Cas. Co. v. Tillotson*, 1984 U.S. Dist. LEXIS 24576 (S.D.N.Y. 1984)

*Levine v. Bd. of Educ.*, 97-9035, 1998 U.S. App. LEXIS 13174 (2nd Cir. 1998)

*Byrd v. City of New York*, 2005 U.S. App. LEXIS 10820 (2nd Cir. 2005)


\*      Copies of cases served, but not filed, in accordance with Local Civil Rule 7.2.